# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-159V
Filed: April 15, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RICHARD WATKINS,

       Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

       Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Ruling on Entitlement; Concession; Influenza ("Flu") Vaccination; Shoulder Injury Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU")

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On February 2, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury as a result of his October 14, 2014 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 13, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent "has concluded that petitioner's alleged injury is consistent with SIRVA [shoulder injury related to vaccine administration]; that a preponderance of evidence establishes that his SIRVA was caused-in-fact by the flu vaccination he received on October 14, 2014; and that no other causes for petitioner's SIRVA were identified." *Id.* at 2. Respondent further indicates that "the statutory six

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

month sequela requirement has been satisfied." *Id.*   Finally respondent states that "based on the current record, petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master